**Sandra SCHELTS, Plaintiff,**

v.

**William MAXIAN and Robert Wartel, Defendants.**

**Civ. No. 84–0346.**

United States District Court, M.D. Pennsylvania.

Feb. 13, 1985.

Samuel H. Paavola, Jonathan A. Hodgson, Annapolis, Md., and John J. McLane, Scranton, Pa., for plaintiff.

Cody H. Brooks and Lucille Marsh, Scranton, Pa., for William Maxian.

NEALON, Chief Judge.

## MEMORANDUM AND ORDER

This diversity action was transferred to the United States District Court for the Middle District of Pennsylvania by Order dated March 9, 1984. Plaintiff, a Maryland resident, brought action against defendant, then a New York resident, for injuries sustained in an automobile accident. Trial began October 29, 1984 concluding in a jury verdict for the plaintiff. Judgment for the plaintiff was entered October 31, 1984, in the sum of $15,000.00. Plaintiff filed a Motion to Mold the Verdict to Include Delay Damages and brief in support thereof dated November 9, 1984. An opposing brief was filed November 15, 1984 to which plaintiff replied November 20, 1984. By Order dated November 29, 1984, the court required the parties to file supplemental briefs. Defendant's Supplemental Brief was filed December 7, 1984 and plaintiff's was filed December 12, 1984.

The court specifically requested the parties to address, in their supplemental briefs, two issues: first, whether the court in fact determined that Pennsylvania's substantive law was applicable to the action in the first instance and as a result of that

determination, Pennsylvania law [40 Pa. Stat.Ann. § 1009.110(c)(2) ] directed the application of Maryland substantive law; second, assuming Pennsylvania law did *not* apply, whether Rule 238 was a procedural or substantive rule for the purpose of a conflicts of law analysis.

Defendant and plaintiff submitted their briefs to the court December 7, 1984 and December 10, 1984, respectively. Thus, the motion is ripe for disposition. For the reasons set forth below, the court will grant plaintiff's Motion to Mold the Verdict to Include Delay Damages but only from the date of the transfer to this district from the District of Maryland, *viz.*, March 9, 1984.

Rule 238 of the Pennsylvania Rules of Civil Procedure [1] provides for delay damages in those cases in which the defendant has not made a written settlement offer prior to trial or where the offer made by the defendant is 25% less than the amount of the jury verdict. This rule, effective April 15, 1979, was promulgated by the Pennsylvania Supreme Court pursuant to its constitutional rule-making authority. *See Laudenberger v. Port Auth. of Allegheny,* 496 Pa. 52, 55, 436 A.2d 147 (1981). The constitutionality of Rule 238 was challenged and upheld in *Laudenberger, supra.* The Pennsylvania Supreme Court stated: "Clearly, Rule 238, when viewed from the perspective of its purpose and goal, contributes to the orderly and efficient administration of justice in Pennsylvania, must stand." *Id.* at 67, 436 A.2d 147. Thus, the court concluded that Rule 238 was within its procedural rule-making authority.

The application of Rule 238 in diversity cases in federal courts sitting in Pennsylvania was challenged in *Jarvis v. Johnson,* 668 F.2d 740 (3d Cir.1982). The trial court, relying upon the Pennsylvania Supreme Court's determination that the rule was procedural, found Rule 238 to be without application in federal court. *Id.* at 741. In reversing, our Court of Appeals, stated that Rule 238's applicability in federal court depended upon an analysis of the policies underlying *Erie Railroad Co. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). *Jarvis, supra,* at 745. Concluding that Rule 238 was substantive for purposes of applicability in federal diversity actions, the Third Circuit reasoned that its holding was not inconsistent with the Pennsylvania decision in *Laudenberger, supra.*

A particular issue may be classified as substantive or procedural in determining whether it is within the scope of a court's rulemaking power, or in resolving questions of conflicts of laws, or in determining whether to apply state law or federal law. These are three very different kinds of problems. Factors that are of decisive importance in making the classification for one purpose may be irrelevant for another. To use the same name for all three purposes is an invitation to a barren and misleading conceptualism by which a decision holding that a particular issue is substantive for one of three purposes would be thought controlling authority when classification for a different purpose is involved.

---

1. Rule 238 reads, in pertinent part, as follows:
   (a) Except as provided in subdivision (e), in an action seeking monetary relief for bodily injury, death or property damage or any combination thereof, the court ... shall
   (1) add to the amount of compensatory damages ... in the verdict of a jury, or in the court's decision in a nonjury trial, damages for delay at ten (10) percent per annum, not compounded, which shall become part of the ... verdict or decision;
   (2) compute the damages for delay from the date the plaintiff filed the initial complaint in the action or from a date one year after the accrual of the cause of action, which-

ever is later, up to the date of the ... verdict or decision.

.    .    .    .    .    .

(e) If a defendant at any time prior to trial makes a written offer of settlement in a specified sum with prompt cash payment to the plaintiff, and continues that offer in effect until commencement of trial, but the offer is not accepted and the plaintiff does not recover by ... verdict or decision, exclusive of damages for delay, more than 125 percent of the offer, the court ... shall not award damages for delay for the period after the date the offer was made.

**490**

*Jarvis, supra* at 747 (quoting C. Wright, Handbook of the Law of Federal Courts, § 59 at 272 (3d ed. 1972)).

As the inquiries that the Pennsylvania Supreme Court pursued in reaching its conclusion that Rule 238 was procedural differed from those that the Third Circuit pursued in reaching its holding that Rule 238 was substantive for purposes of the *Erie* doctrine, so do this court's inquiries differ in analyzing whether Rule 238 should be applied in a conflict of law context.

■ Thus, the issue presented in the instant case is whether Rule 238 applies in a diversity action in a federal court sitting in Pennsylvania when Maryland substantive law was applied.[2] The research effort of this court reveals that this precise issue is one of first impression. Thus, the court must decide the resolution of this issue with caution and approach it as would the Pennsylvania Supreme Court. *See Barris v. Bob's Drag Chutes & Safety Equipment,* 717 F.2d 52, 56 (3d Cir.1983). Additionally, the court notes that Pennsylvania follows the view of the Restatement 2d in conflict of laws problems. *See Knauer v. Knauer,* 470 A.2d 553, 557 (Pa.Super.1983).

The traditional approach, in a situation as is presented here, was to decide whether the issue was procedural or substantive. *Busik v. Levine,* 63 N.J. 351, 307 A.2d 571, 578 (1973). The Restatement, however, rejects this approach and directs that attention be focused upon the issue of whether the law of the forum should be applied with respect to each particular subject. *Id.*

The courts have traditionally approached issues falling within the scope of the rule of this Section by determining whether the particular issue was "procedural" and *therefore* to be decided in accordance with the forum's local law rule, or "substantive" and *therefore* to be decided by reference to the otherwise applicable

law. These characterizations, while harmless in themselves, have led some courts into unthinking adherence to precedents that have classified a given issue as "procedural" or "substantive," regardless of what purposes were involved in the earlier classifications. Thus, for example, a decision classifying burden of proof as "procedural" for local law purposes, such as in determining the constitutionality of a statute that retroactively shifted the burden, might mistakenly be held controlling on the question whether burden of proof is "procedural" for choice of law purposes. To avoid encouraging errors of that sort, the rules stated in this chapter do not attempt to classify issues as "procedural" or "substantive." Instead they face directly the question whether the forum's rule should be applied.

*Busik, supra,* 307 A.2d at 578 n. 4 (emphasis in original) (quoting Restatement 2d of Conflict of Laws, comment b to § 122, at 352 (1971)).

Thus, the court must address directly the question of whether Rule 238 should be applied. The Restatement, with regard to the issue of interest, states: "[t]he law selected by application of the rule of § 145 determines whether the plaintiff can recover interest...." *Restatement supra* at § 171, at 512. Section 145(1) provides that the "rights and liabilities of the parties with respect to an issue in tort are determined by the local law of the state which, with respect to that issue, has the most significant relationship to the occurrence of the parties under the principles stated in § 6." *Id.* at 414. Section 6, in turn, states that in the absence of a statutory directive on the issue, that the court take into account a number of relevant factors. Most applicable to the factual situation presented here are the relevant policies of the forum, the relevant policies of other inter-

---

**2.** The court ruled pursuant to § 110(c)(2) [Pennsylvania No Fault Law] and *Toter v. Knight,* 278 Pa.Super. 547, 420 A.2d 676 (1980) that plaintiff's right to sue in tort was governed by Maryland substantive law, *i.e.,* the law of the plaintiff's domicile. Application of the choice of law provision set forth in § 110(c)(2) has been interpreted to mean application of the whole law of the state chosen. *See* Schrager, The Pennsylvania No-Fault Motor Vehicle Insurance Act (Supp.1983) (citing *Toter, supra.*).

ested states and the relevant interests of those states in the determination of the particular issue, and the ease in the determination and application of the law to be applied. Restatement, *supra* at § 6, at 10.

The relevant policies of the forum are clear in this issue. As the Pennsylvania Court explained in *Laudenberger*, the basic aim of Rule 238 is to alleviate docket congestion and delay in disposition of cases in Pennsylvania by encouraging early settlement. *Laudenberger, supra* at 59, 436 A.2d 147. Thus, the interest of the forum, here, is significant. Examining the interests of Maryland, the court notes that while Maryland does not have a similar delay damage rule, Maryland's interest in whether this rule is applied is nominal. The *purpose* for which the rule was enacted cannot be of interest to the other state.

The ease in determination of application of the law to be applied is clear. Rule 238 provides for clerical, mathematical computation in instances in which it applies.

The above discussion leads this court to conclude that Pennsylvania's interest and policies will be furthered in holding that Rule 238 is applicable in the instant case. It is unnecessary to label the rule as "procedural" or "substantive." The analysis of the Restatement's approach in a situation such as the one presented here, indicates that the basic purpose of Rule 238 is furthered in applying the rule in an action tried in Pennsylvania.

The remaining issue is from what date the delay damages should be calculated. Again, this precise issue has not been determined by another court. This court is guided, however, by our Court of Appeals' decision in *Barris, supra*. There, it was held that delay damages should not be applied during an interim in which a prevailing defendant is waiting for the outcome of a plaintiff's appeal. In *Barris*, plaintiff was successful on appeal, the case remanded, and the plaintiff ultimately prevailed.

Because a defendant would rightly refrain from initiating settlement when a plaintiff is perfecting an appeal, the operation of Rule 238 would no longer serve its purpose and thus should not be applied during the appeal interim. *Id.* at 57.

Rule 238 was designed to lessen docket congestion and encourage early settlement in Pennsylvania courts. Thus, the operation of the Rule would not serve its purpose if it were applied in this action before the action was transferred from the district court in Maryland to our district in Pennsylvania. While the action was pending in Maryland, defendant would not be confronted with the issue of delay damages. Moreover, the case was transferred here on plaintiff's motion.

In conclusion, delay damages will be applied in this action calculating from March 9, 1984 the date of transfer to October 31, 1984, the date of the plaintiff's judgment of $15,000.00.[3]

Counsel for the parties are ordered to meet and submit an Order to this court in conformity with this Memorandum.

---

**3.** The $15,000.00 award comprised $5,000.00 for pain and suffering and $10,000.00 for medical expenses, past and future. The court is not convinced that only damages awarded for pain and suffering should be computed as defendant argues. After transfer, defendant would be expected to be aware of the application of Maryland substantive law under the Pennsylvania statute and that medical expenses would be recoverable.